IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DOMAIN VAULT LLC, | ) |
| *Plaintiff*, | ) |
| vs. | ) |
| | ) Civil Action No. 1:14-cv-2621 |
| JOHN C. BUSH and | ) |
| ECLINICALWORKS LLC | ) |
| *Defendants*. | ) |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE,

COMES NOW Plaintiff DOMAIN VAULT LLC, and pleads, as follows:

## I.  STATEMENT OF THE CLAIMS

1. Plaintiff Domain Vault LLC, ("D-Vault"), lawfully registered the internet domain name "eclinicalwork.com".

2. The term "eclinical work" is a generic term descriptive of work with electronic systems for automating the management of clinical trials and records.

3. Defendant eClinicalWorks, LLC, ("E-Works"), through its attorney, Defendant John C. Bush, filed a 'UDRP' complaint which falsely represented that the eclinicalwork.com domain name was "used to provide a mere parking page that links to Complainant's competitors".

4. The misrepresentation was material and when Defendant Bush made the misrepresentation for E-Works, he did so knowingly.

5. Based on the misrepresentation as to the content of the eclinicalwork.com webpage, Section 1114(2)(D)(ii) actions were taken, including the entry of an 'administrative order' to transfer the domain name to E-Works.

## II.  STATUTORY BASIS OF CLAIM

6. 15 U.S.C. § 1114(2)(D)(v) authorizes a domain name registrant to sue trademark owners for "reverse domain name hijacking" and to commence an action to declare that the domain name registration or use by the registrant is not unlawful under the Lanham Act.[1]

7. In such an action, the federal court must give "no deference" to the administrative UDRP panelist.[2]  Rather, relief under Section 1114(2)(D)(v) turns on **a showing that the "plaintiff's registration or use of the domain name is not unlawful under the Lanham Act".**[3]

8. The registration of a generic, descriptive term is (i) lawful *per se* under the Lanham Act and (ii) therefore establishes entitlement to relief under 15 U.S.C. § 1114(2)(D)(v).[4]

---

[1] *E.g., Barcelona. Com v. Excelentisimo Ayuntamiento,* 330 F.3d 617, 625 (4th Cir. 2003).
[2] *Id.* at 626.
[3] *Id.*
[4] *Id.* at 629.

9. Further, 15 U.S.C. § 1114(2)(D)(iv), prohibits overreaching in UDRP administrative proceedings and authorizes a domain name registrant to sue any person who has made a knowing and material misrepresentation that a domain name is identical to, confusingly similar to, or dilutive of a mark when a domain registration authority takes any Section 1114(2)(D)(ii) action based on the misrepresentation.

### III.  PARTIES, JURISDICTION & VENUE

10. PLAINTIFF Domain Vault LLC is a Virginia limited liability company which suffered damages, including costs and attorneys fees, as a result of the actions of the defendants described above.

11. DEFENDANT John C. Bush is an individual residing in Georgia and DEFENDANT eClinicalWorks, LLC is a Massachusetts limited liability company doing business in Massachusetts and the owner of a mark alleged in the UDRP administrative proceedings to have been diluted.

12. The court has jurisdiction over the lawsuit because this is a civil action arising out of laws of the United States, to wit, 15 U.S.C. § 1114 (2)(D)(iv) and (v).

13. Venue is proper in this district, because (i) this district is the location of the principal office of the concerned registrar, "Name.com", and (ii) the defendants agreed to submit to the jurisdiction of the courts of this District in filing their UDRP complaint.

## IV.  CONDITIONS PRECEDENT

14.  All conditions precedent have been performed or have occurred.

## V.  DEMAND FOR JURY TRIAL

16.  Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a jury trial.

## VI.  CONCLUSION & PRAYER

17.  Because registration of the domain name was not unlawful, 15 U.S.C. § 1114(2)(D)(iv) provides for the issuance of an order by this Honorable Court enjoining the carrying out of the administrative transfer order.

18.  Further, because a basis for the administrative 'UDRP' transfer order and subsequent Section 1114(2)(D)(ii) actions was the defendants' knowing and material misrepresentation of dilution, pursuant to § 1114(2)(D)(v) the defendants are liable for the costs and attorneys' fees incurred in bringing this lawsuit.

Based on the foregoing, Domain Vault LLC prays the defendants be summoned to appear and answer, and upon final trial that it recover its damages from the defendants and further, for the following legal and equitable relief:

1. An order pursuant to 15 U.S.C 1114(2)(D)(v) establishing that Plaintiff's registration of the domain name is not unlawful under the Lanham Act and enjoining the implementation of the UDRP transfer order as to eclinicalwork.com;

2. Relief pursuant to 15 U.S.C 1114(2)(D)(iv), including recovery for damages, costs and attorney's fees; and, the entry of an injunction ordering that the domain name be and remain registered to the Plaintiff;

3. The taxing of all costs against the Defendants; and

4. Such other and further relief as Plaintiff may be shown justly entitled.

Respectfully submitted,

/s/ Andrew C. Powell
Texas Bar No. 24079155
5302A Beltline Rd.
Dallas, Texas  75254
Tel. 214-295-5058
Fax 214-261-2232
apowell@attorney-email.com

FOR DOMAIN VAULT LLC