**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-2621-WJM-CBS

DOMAIN VAULT LLC,

      Plaintiff,

v.

JOHN C. BUSH and
ECLINICALWORKS LLC,

      Defendant.

_____

**DEFENDANT ECLINICALWORKS LLC'S
RULE 56 EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

      Defendant eClinicalWorks, LLC ("eClinicalWorks") moves under Fed. R. Civ. P. 56(a) and WJM Revised Practice Standards III.E.2 for early, partial summary judgment on Plaintiff Domain Vault LLC's ("Domain Vault") claim under 15 U.S.C. § 1114(2)(D)(iv) (the "Subsection (iv)" claim) because the undisputed material facts show there was no actionable misrepresentation in a UDRP action.

## I.    INTRODUCTION

      This lawsuit arises from a decision by a panel of the World Intellectual Property Organization ("WIPO") under the Uniform Domain Name Dispute Resolution Policy ("UDRP") finding that Domain Vault used and registered the <eclinicalwork.com> domain name in bad faith and ordering Domain Vault to transfer the domain name to eClinicalWorks. Domain Vault asserts claims under two statutory prongs of the Anticybersquatting Consumer Protection Act

("ACPA"), a claim under Subsection (iv) for alleged misrepresentation in a UDRP proceeding, and one for reverse domain name hijacking under § 1114(2)(D)(v) (the "Subsection (v)" claim). This motion concerns only the Subsection (iv) claim.  Subsection (iv) provides a cause of action limited to a specific, intentional misrepresentation in a UDRP proceeding, *i.e.*, that a domain name is "identical to, confusingly similar to, or dilutive of a mark."  15 U.S.C. § 1114(2)(D)(iv).

In this case, as demonstrated below, the only statement that Domain Vault claims is false cannot form the basis for a claim under Subsection (iv).  Moreover, the WIPO decision finding Domain Vault guilty of typo-squatting is not surprising given that the <eclinicalwork.com> domain name is just one letter off from eClinicalWorks' federally registered ECLINICALWORKS trademark.  Thus, the undisputed facts show that eClinicalWorks accurately represented in the UDRP proceeding that the <eclinicalwork.com> domain name "is confusingly similar" to eClinicalWorks' mark.

For these reasons, eClinicalWorks is entitled to partial summary judgment on the Subsection (iv) claim.  And, as demonstrated below, entry of partial summary judgment on this claim will significantly narrow the issues and scope of discovery by eliminating disputes and discovery about issues that have no bearing on any cognizable claim.

## II.    MOVANT'S STATEMENT OF MATERIAL FACTS

The following undisputed material facts[1] establish that eClinicalWorks is entitled to partial summary judgment:

1.    eClinicalWorks owns the incontestable United States Trademark Registration, No. 2,729,199, for ECLINICALWORKS for "computer programs for electronic medical records and

---

[1] These Facts are cited herein as "SOF" with the specific paragraph number(s).

practice management on a computer and manuals for use therewith, sold as a unit." (Declaration of Damon J. Whitaker, Esq. ("Whitaker Decl."), attached as Exhibit A, at Exs. 1 and 2).

2.    eClinicalWorks owns United States Trademark Registration No. 4,014,335 for ECLINICALWORKS P2P for "computer software for controlling and managing patient medical information." (Whitaker Decl. at Ex. 3).

3.    eClinicalWorks owns United States Trademark Registration No. 4,313,151 for ECLINICALWORKS NIMBUS for various goods and services related to electronic health records and medical practice management. (*Id.* at Ex. 4).

4.    eClinicalWorks owns United States Trademark Registration No. 4,384,615 for ECLINICALWORKS SCRIBE for "computer software for translating, organizing, controlling and managing patient medical information." (*Id.* at Ex. 5).

5.    eClinicalWorks owns United States Trademark Registration No. 4,444,633 for ECLINICALWORKS CARE COORDINATION MEDICAL RECORD for various goods and services related to electronic health records and medical practice management. (*Id.* at Ex. 6).

6.    eClinicalWorks owns United States Trademark Registration No. 4,222,505 for a design mark that includes the term "eClinicalWorks" for "computer software for controlling and managing patient medical information and for medical practice management." (*Id.* at Ex. 7).

7.    Domain Vault registered the internet domain name <eclinicalwork.com>. (Complaint, Doc. 1, at ¶ 1).

8.    eClinicalWorks brought a UDRP proceeding against Domain Vault over the <eclinicalwork.com> domain, styled *eClinicalWorks, LLC v. Whois Privacy Protection Service,*

*Inc. / Domain Vault LLC*, WIPO Case No. D2014-1059 (the "UDRP Action").  (Whitaker Decl.

at Exs. 8 and 9).

9.      In the UDRP Action, eClinicalWorks asserted its ownership of the federally

registered ECLINICALWORKS mark, and several other federally registered marks containing

"eClinicalWorks."  (*Id.* at Ex. 8, § V.A.1.).

10.     The entire section of eClinicalWorks' UDRP filing addressing the similarity of

the domain name to eClinicalWorks' trademarks, including the heading, is:

> 2.    *Respondent's Domain Name Is Confusingly Similar If Not Identical to Complainant's ECLINICALWORKS® Trademark.*
>
> The Domain Name almost identically incorporates Complainant's ECLINICALWORKS® trademark.  *See Proactiva Medio Ambiente, S.A. v. Proactiva*, D2012-0182 (WIPO Mar. 30, 2012); *Grupo Financiero, S.A. de C.V. v. inbuirsa*, D2006-0614 (WIPO July 5, 2006) ("As a rule, when a domain name wholly incorporates a complainant's mark and only adds a generic word, that is sufficient to establish confusing similarity for purposes of the Policy"); *Donvand Ltd. trading as Gullivers Travel Assocs. v. Omniscience*, D2002-0746 (WIPO Oct. 4, 2002) (holding that the disputed domain name was identical to the trademark owned by the complainant when the only difference between the domain name and the trademark was the addition of the suffix ".com"); *Isleworth Land Co. v. Lost in Space, SA*, FA 117330 (NAF Sept. 27, 2002) (there is a "well established principle that generic top-level domains are irrelevant when conducting a Policy ¶ (a)(1) analysis").
>
> The Domain Name differs from the ECLINICALWORKS® trademark by only the single letter 's' and this difference is insufficient to avoid confusion.  In fact, merely altering a single letter is the very nature of typo-squatting.  *Kayak Software Corp. v. Little Birds, Ltd.*, D2010-1395 (WIPO Oct. 6, 2010); *Associazione Radio Maria v. Ho Nim*, D2010-0607 (WIPO June 4, 2010) (providing a "classic example of typo-squatting" in the respondent's changing a single letter of the complainant's domain name); *SurePayroll, Inc. v. Web Advertising, Corp.*, D2007-0470 (WIPO May 15, 2007).  Further, altering a singular word to plural and vice versa is also indicative of typosquatting.  *Mattel, Inc. v. Magic 8 Ball Factory*, D2013-0058 (WIPO Feb. 21, 2013); *ESH Strategies Branding, LLC v. Kumpol Sawaengkarn*, D2011-0843 (WIPO June 30, 2011) (ruling that addition of "s" to a word in the URL to create a plural constituted "a

clear case of typo squatting, which is indicative of Respondent's wish to profit from the goodwill developed in Complainant's [t]rademark").

(*Id.* at Ex. 8, § V.A.2.).

11.     eClinicalWorks did not assert dilution of its marks in the UDRP Action.  (*See id.* at Ex. 8).

12.     The WIPO panel issued a decision ordering that Domain Vault transfer the <eclinicalwork.com> domain name to eClinicalWorks.  (*Id.* at Ex. 9).

13.     The WIPO panel's entire discussion and findings on the similarity of the domain name to eClinicalWorks' marks is:

### A.  Identical or Confusingly Similar

The Disputed Domain Name is identical or confusingly similar to Complainant's marks.  Complainant has numerous registered trademarks using the term "eclinicalworks."  The mere omission of the final "s" from the end of the Disputed Domain Name is not sufficient to differentiate it from Complainant's marks.  See *Associazione Radio Maria v. Ho Nin*, WIPO Case No. D2010-0607.

(*Id.* at Ex. 9, p. 3).

14.     The WIPO panel did not base its decision on any finding concerning dilution of eClinicalWorks' marks.  (*See id.* at Ex. 9).

15.     The only representation by eClinicalWorks in the UDRP Action that Domain Vault challenges as false is "that the eclinicalwork.com domain name was 'used to provide a mere parking page that links to Complainant's competitors.'"  (Complaint, Doc. 1, at ¶ 3).

16.     eClinicalWorks made the challenged representation in the section of its UDRP filing addressing Domain Vault's bad faith use and registration of the domain name, excerpted as follows:

**C.**    *Respondent Registered and Uses the Domain Name in Bad Faith*

\*\*\*

Respondent is also using the Domain Name in bad faith.  At present, the Domain Name is used to provide a mere parking page that links to Complainant's competitors, including NextGen.  Annex 2.  These current activities demonstrate bad faith in the Domain Name's use. …

(Whitaker Decl. at Ex. 8, § V.C. (UDRP case citations omitted)).

17.    The WIPO panel decision addresses the challenged representation in the subsections entitled "Rights or Legitimate Interests" and "Registered and Used in Bad Faith." (*Id.* at Ex. 9, p. 3).

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.    <u>Applicable Legal Standard.</u>

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve

factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

   **B.   The Undisputed Material Facts Show eClinicalWorks Made No Misrepresentation In The UDRP Action Which Is Actionable Under Subsection (iv).**

   The undisputed material facts show eClinicalWorks is entitled to early, partial summary judgment on Domain Vault's misrepresentation claim under Subsection (iv). The evidence shows eClinicalWorks did not make any misrepresentation that is actionable under the statute. The evidence also shows that the relevant statements by eClinicalWorks which do fall under the statute are all true. eClinicalWorks is entitled to judgment as a matter of law.

   Trademark owners like eClinicalWorks have two mechanisms to challenge domain name registrations like <eclinicalwork.com> that improperly infringe on their marks. A trademark owner can bring a federal court action under the ACPA against a defendant who has registered, trafficked in, or used a domain name confusingly similar to, or dilutive of, the owner's trademark. 15 U.S.C. § 1125(d). Or, a trademark owner can bring a UDRP action, an administrative proceeding for resolving disputes regarding the registration of internet domain names. eClinicalWorks chose the UDRP, and prevailed against Domain Vault. (SOF, ¶¶ 8, 12).

   As part of the ACPA, Congress established specific mechanisms to challenge UDRP decisions in federal court to protect against overreaching trademark owners. *See* 15 U.S.C. §§ 1114(2)(D)(iv)-(v). Having lost the UDRP Action, Domain Vault asserts two statutory causes of action in this lawsuit. (*See* Doc. 1). Domain Vault's misrepresentation claim is governed by Subsection (iv), which provides:

   If a registrar, registry, or other registration authority takes an action described under clause (ii) based on a knowing and material misrepresentation by any other

> person ***that a domain name is identical to, confusingly similar to, or dilutive of a mark***, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorney's fees, incurred by the domain name registrant as a result of such action. The court may also grant injunctive relief to the domain name registrant, including the reactivation of the domain name or the transfer of the domain name to the domain name registrant.

15 U.S.C. § 1114(2)(D)(iv) (emphasis added). "By its plain terms, [this] statutory section provides for a cause of action for a knowing and material misrepresentation that a domain name is identical to, confusingly similar to, or dilutive of a mark" and does not apply to any other types of statements made in a UDRP action. *Ricks v. BMEzine.com*, 727 F. Supp. 2d 936, 966 (D. Nev. 2010) (summary judgment for trademark owner because alleged misrepresentations went to ownership of mark); *accord NextEngine Ventures, LLC v. Lastar, Inc.*, 2014 WL 6944877, *7 (C.D. Cal. Dec. 8, 2014) (plaintiff asserting claim under subsection 1114(2)(D)(iv) must prove material misrepresentation that domain name was confusingly similar to defendant trademark owner's mark).

Here, the undisputed facts show there was no such misrepresentation, and Domain Vault does not allege one.  The only alleged misrepresentation Domain Vault asserts – that it used the domain with a website linking to eClinicalWorks' competitors – is not the type of statement actionable under the statute.  (*Compare* SOF ¶ 15 *with* 15 U.S.C. § 1114(2)(D)(iv)).  While eClinicalWorks made the statement, eClinicalWorks' UDRP filing and the WIPO panel decision indisputably show that this representation concerns Domain Vault's lack of rights and bad faith. The statement is, therefore, legally irrelevant to a Section (iv) claim.  Accordingly, as in *Ricks*, eClinicalWorks is entitled to summary judgment because the challenged statement does not fall within the plain language of the statute (*i.e.*, it does not bear on the domain name being identical to, confusingly similar to, or dilutive of the marks).  *Ricks*, 727 F. Supp. 2d at 966.

Moreover, the representations that eClinicalWorks did make in the UDRP Action concerning the similarity of the domain name to its trademarks were accurate.   Only the following representations are relevant to the "misrepresentation" claim:

- eClinicalWorks owns the federally registered eClinicalWorks marks;

- <eclinicalwork.com> is confusingly similar if not identical to the eClinicalWorks marks;

- <eclinicalwork.com> almost identically incorporates the ECLINICALWORKS mark;

- <eclinicalwork.com> differs from ECLINICALWORKS by only the letter "s", which is insufficient to avoid confusion, and altering one letter is the essence of typo-squatting.

(See SOF, ¶¶ 9-11).  The undisputed facts show all of these representations are true.

First, it is undisputed that eClinicalWorks owns the federally registered ECLINICALWORKS mark, which is incontestable, (SOF, ¶¶ 1, 9).   This incontestable registration is conclusive evidence of the mark's distinctiveness and validity, and of eClinicalWorks' ownership and its exclusive right to use the mark with the goods identified.  15 U.S.C. §§ 1065, 1115(b).[2]  *See also NextEngine Ventures*, 2014 WL 6944877 at *5 (federal registration establishes distinctiveness of mark for purposes of claims brought under ACPA).

Second, it is also undisputed that a simple comparison shows the <eclinicalwork.com> domain name is effectively identical to the ECLINICALWORKS mark.[3]  All Domain Vault did is remove the single letter "s" from eClinicalWorks' trademark, which is textbook typo-squatting.  *See e.g.*, *Southern Co. v. Dauben, Inc.*, 324 Fed. Appx. 309, 312 at n.2 (5th Cir. 2009)

---

[2] eClinicalWorks also owns five other federal registrations for marks incorporating "eClinicalWorks," SOF at ¶¶ 2-6, and these registrations are prima facie evidence of the distinctiveness and validity of those marks, of eClinicalWorks' ownership, and of its exclusive rights to use those marks with the identified goods and services.  15 U.S.C. § 1115(a).

[3] The Court need only compare the domain name to the asserted trademark to determine confusing similarity.  *NextEngine Ventures*, 2014 WL 6944877 at *5.

("Typosquatting is, generally speaking, the 'registering [of] domain names that are intentional misspellings of distinctive or famous names.'"); *Green v. Fornario*, 486 F.3d 100, 103 n. 5 (3rd Cir. 2007) (typosquatting is "registering a domain name that is but a letter or two off from a distinctive mark"); *Texas Int'l Prop. Assocs. v. Hoerbiger Holding AG*, 624 F. Supp. 2d 582 (N.D. Tex. 2009) ("horbiger.com" held typo-squatting of HOERBIGER mark in violation of ACPA). This is a much stronger and more clear cut case than in *NextEngine Ventures*, where the court found <gocables.com> confusingly similar to Cables To Go, and concluded the trademark owner did not misrepresent that the domain name is confusing similar to its trademark. 2014 WL 6944877 at *4-5.

Third, it is undisputed that the WIPO panel decision on the issue of confusing similarity is based on the eClinicalWorks trademark registrations and Domain Vault's mere omission of the "s" at the end of the domain name being insufficient to differentiate the domain from eClinicalWorks' marks. (SOF, ¶ 13). The panel's findings are consistent with other UDRP decisions and federal case law.

Finally, the face of eClinicalWorks' UDRP filing shows it made no representation that the domain name was dilutive of its trademarks. Dilution claims apply only to famous marks, 15 U.S.C. § 1125(c)(1), and eClinicalWorks did not claim ownership of a famous mark nor make any "dilution" argument in the UDRP Action. (SOF, ¶ 11). Hence, there is no other representation that could fall under the statute. Accordingly, any dilution argument Domain Vault may make fails, as there is no evidence to support such a contention, and all case decisions based on the dilution prong of Subsection (iv) are irrelevant.

## IV.   EARLY PARTIAL SUMMARY JUDGMENT WILL SIGNIFICANTLY REDUCE THE ISSUES IN THIS CASE

An early motion for partial summary judgment is appropriate when there is a substantial and well-supported argument for significantly reducing the claims or issues in the case.  WJM Revised Practice Standard III.E.2.  Here, an order granting eClinicalWorks' early motion for partial summary judgment will significantly reduce both the claims and the issues.

Domain Vault asserts two claims, a misrepresentation claim under Subsection (iv) and a reverse domain name hijacking claim under Subsection (v).  These claims have different legal elements and involve different factual bases.  As discussed above, Subsection (iv) claims focus on a specific type of misrepresentation in the UDRP proceeding itself, whereas the reverse domain name hijacking claim in Subsection (v) focuses on events predating the UDRP Action, *i.e.*, whether Domain Vault can establish that its registration and use of the domain name was not unlawful.  *See* 15 U.S.C. § 1114(2)(D)(iv).  Determining unlawful or bad faith use under Subsection (v) involves consideration of factors having nothing to do with the Subsection (iv) misrepresentation claim.  *See* 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(X) (listing factors for bad faith use under ACPA); *Cleary Bldg. Corp. v. David A. Dame, Inc.*, 674 F. Supp. 2d 1257, 1263-1266 (D. Colo. 2009).  Summary Judgment on Domain Vault's Subsection (iv) claim, therefore, will eliminate one of the two claims brought by Domain Vault, cutting the legal case in half.

Summary Judgment will also streamline discovery.   Should the Subsection (iv) misrepresentation claim proceed, Domain Vault intends to take exhaustive discovery aimed at irrelevant and protected information concerning the work performed by eClinicalWorks' counsel in the UDRP proceeding and the conduct of the proceeding itself.  For example, Domain Vault's Initial Disclosures name John Bush (counsel for eClinicalWorks in the UDPR proceeding and a

resident of Georgia) as a person likely to have discoverable information related to the alleged misrepresentation.  (*See* Domain Vault's Initial Disclosures, attached as Exhibit B).  Domain Vault's disclosures also identify Maxim Waldbaum (the UDRP panelist and resident of Switzerland) and Gary N. Schepps (counsel for Domain Vault in the UDRP proceeding and resident of Texas) as additional individuals likely to have discoverable information related to the alleged misrepresentation.   (Exhibit B.)   These disclosures demonstrate that Domain Vault intends to seek sweeping discovery on issues pertaining to the conduct of the UDRP proceeding itself—including discovery of attorney work product of eCinicalWorks' counsel and potential international discovery—all for a claim of misrepresentation that has no legal basis.  The time and expense of this unnecessary and irrelevant discovery can be avoided by early summary judgment on Domain Vault's Subsection (iv) claim.

### V.   CONCLUSION

For all of these reasons, eClinicalWorks asks for entry of early, partial summary judgment on Domain Vault's claim under 15 U.S.C. § 1114(2)(D)(iv), and for such other and further relief as the Court deems appropriate.

Respectfully submitted this 21st day of January, 2015.

BRYAN CAVE LLP
*s/Timothy M. Reynolds*

_____
Timothy M. Reynolds
1801 13th Street, Ste. 300
Boulder, CO  80302
Telephone:  (303) 444-5955
Email:  timothy.reynolds@bryancave.com

Erin A. Kelly
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Telephone:  303-861-7000
Email:  erin.kelly@bryancave.com
Attorneys for eClinicalWorks, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 21, 2015, a true and correct copy of the foregoing **DEFENDANT ECLINICALWORKS LLC'S RULE 56 EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT** was filed with the Clerk of Court using the CM/ECF system which will service such filing on the following:

Andrew Chase Powell
Andrew C. Powell, PLLC
5302A Beltline Road
Dallas, TX 75254
Email: andrewcpowell00@gmail.com

*s/Jennifer Pearce*

_____