### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 14-cv-2621-WJM-CBS

DOMAIN VAULT LLC,

    Plaintiff,

v.

ECLINICALWORKS LLC,

    Defendant.

---

### ORDER OVERRULING PLAINTIFF'S RULE 72(a) OBJECTIONS

---

Before the Court are:

1. Domain Vault's Rule 72(a) objection (ECF No. 56) to U.S. Magistrate Judge Craig B. Shaffer's June 22, 2015 minute order ("June 22 Order") (ECF No. 44); and

2. Domain Vault's Rule 72(a) objection (ECF No. 62) to Judge Shaffer's July 2, 2015 order to show cause ("July 2 Order") (ECF No. 53).

For the reasons explained below, both objections are overruled.

### I. LEGAL STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must adopt the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court

affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2015 update), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).

## II. ANALYSIS

### A. Judge Shaffer's June 22 Order (ECF No. 44)

On May 28, 2015, eClinicalWorks served a subpoena on a third party seeking information about Domain Vault's doings. (ECF No. 32-1.) On June 11, 2015, Domain Vault moved to quash the subpoena, arguing among other things that the subpoenaed material could reveal Domain Vault's trade secrets. (ECF No. 32.) On June 22, 2015, Judge Shaffer held a telephonic status conference in which he explained to Domain Vault's counsel that a protective order would likely be the most appropriate solution to Domain Vault's concerns, rather than outright quashing the subpoena. (ECF No. 67 at 16–17.) Judge Shaffer then announced the following order, specifically addressing Domain Vault's counsel, Mr. Andrew Powell:

> You must either execute a protective order with the defendant that resolves in all respects your motion to quash. If that protective order is not filed with this court by 4:00 tomorrow and if that motion for protective order is not accompanied by your motion to withdraw the motion to quash, then I will conclude, Mr. Powell, that you are still serious about your motion to quash. And I will direct my staff to set this mat—I will set your motion to quash for a

> hearing here in the United States District Court next week, and counsel of record will be required to be physically present in my courtroom to argue their respective positions. So those are your options. If you shall—
>
> MR. POWELL: I—
>
> THE COURT: Mr. Powell, if you feel strongly about your motion to quash, I respect your right to feel strongly about your motion to quash. And you can come to my courtroom next week and demonstrate the strength of your convictions. Alternatively—
>
> MR. POWELL: Understood, Your Honor.
>
> THE COURT: Alternatively, you can execute a motion for protective order. You can file the motion for protective order with me, a joint motion for protective order. Emphasize joint motion for protective order. You can file a joint motion for protective order by 4:00 on Monday—I'm sorry, 4:00 tomorrow, Tuesday, accompanied by a motion to withdraw the motion to quash. But those are the options that I'm giving you folks. Do whatever you want to do. It's your call. Does anyone have any confusion—
>
> MR. POWELL: Understood, Your Honor.
>
> THE COURT: Does anyone have any confusion about what I am proposing?
>
> MR. REYNOLDS: None for eClinicalWorks, Your Honor.
>
> THE COURT: Mr. Powell?
>
> MR. POWELL: No confusion, Your Honor.

(*Id.* at 33–34.)

Unfortunately, the minute entry documenting this outcome was not stated as clearly:

> **ORDERED:** Mr. Powell is REQUIRED to do one of the following by 4:00 p.m. (Mountain Time) on June 23, 2015.

3

> 1. Execute a protective order with the defendant that resolves in all respects the Motion to Quash. If a motion to withdraw Motion to Quash is not accompanied with the protective order, Judge Shaffer's staff will set a motion hearing for the Motion to Quash next week in which counsel of record must be physically present.
>
> OR
>
> 2. Execute a motion for a joint protective order accompanied by a motion to withdraw Motion to Quash.

(ECF No. 44 at 1.) As is evident on a cursory reading, alternative #2 essentially duplicates alternative #1's first sentence and first clause of the second sentence.

Seizing on this discrepancy, Mr. Powell has now filed a Rule 72(a) objection, claiming that Judge Shaffer had ordered Domain Vault to enter into a protective order. (ECF No. 56 at 1–2.) Mr. Powell analogizes this to case law in which the Supreme Court has held that a party may not be compelled to settle. (*Id*. at 2.) For at least two reasons, the Court overrules Mr. Powell's objection.

First, it is not clear that he has challenged anything that Rule 72 permits him to challenge. Rule 72(a) allows parties to challenge a "written order stating the [magistrate judge's] decision" on a "pretrial matter . . . [that] is referred to a magistrate judge to hear and decide." The matter that the undersigned referred to Judge Shaffer was Domain Vault's motion to quash. Judge Shaffer has not issued a written order resolving that motion.

Second, assuming Mr. Powell can use Rule 72(a) to challenge the June 22 Order, there is ultimately nothing to challenge. Judge Shaffer orally announced his June 22 ruling with particular emphasis, making clear that Domain Vault could either (1) agree upon a protective order and withdraw the motion to quash or (2) persist with

the motion to quash. Judge Shaffer specifically asked Mr. Powell whether there was any confusion, and Mr. Powell denied any. Thus, Judge Shaffer did not order Domain Vault to enter into a protective order. Indeed, at a July 8 hearing, Judge Shaffer conceded that the June 22 Order "could have been drafted better" (ECF No. 69 at 39), but he restated his oral ruling and made clear that Domain Vault's options, as of June 22, had been either to agree on a protective order by the next day, or press forward with the motion to quash. (ECF No. 69 at 36–40.)[1] This is a simple case management order and presents nothing for this Court to review. Accordingly, Mr. Powell's challenge to the June 22 Order is overruled.

**B.    Judge Shaffer's July 2 Order (ECF No. 53)**

As noted, the June 22 Order required Mr. Powell to file for a protective order and withdraw the motion to quash by the next afternoon, failing which Judge Shaffer would set the motion to quash for argument. Mr. Powell did not file for a protective order by the following afternoon. Thus, on June 25, 2015, Judge Shaffer set the motion to quash for a hearing on July 2, 2015. (ECF No. 45.) Judge Shaffer's order specifically stated, "No telephone appearances will be permitted." (*Id.*)

At 7:32 a.m. on July 2, Mr. Powell filed a contested Motion for Protective Order. (ECF No. 49.) Eleven minutes later, Mr. Powell filed a Notice of Withdrawal of Motion to Quash. (ECF No. 50.) At 8:03 a.m., Mr. Powell called Judge Shaffer's chambers

---

[1] Magistrate judges, like all judges, have discretion to interpret their own orders. *See, e.g., City of New York v. Beretta U.S.A. Corp.*, 228 F.R.D. 134, 146 (E.D.N.Y. 2005); *Nat'l Eng'g & Contracting Co. v. OSHA*, 687 F. Supp. 1219, 1222 (S.D. Ohio 1988). To the extent Mr. Powell was actually confused by the June 22 Order, which seems questionable, he could have easily moved for clarification rather than filing a Rule 72(a) objection.

"stating that he would not be appearing in person and was seeking permission to appear by phone. Mr. Powell stated that he had no duty to appear in person since he filed the motion for protective order and notice of withdrawal of motion to quash." (ECF No. 51 at 1.) Judge Shaffer concluded that Mr. Powell's conduct had violated his previous orders, his practice standards, and this District's local rules, and Judge Shaffer therefore issued his July 2 Order, which is an order to show cause why Mr. Powell should not be found in contempt. (ECF No. 53.)[2]

Judge Shaffer gave Mr. Powell until July 13, 2015, to respond in writing. On that date, Mr. Powell filed a combined Rule 72(a) objection and response to the order to show cause. (ECF No. 62.) Again, however, there is currently nothing for this Court to review under Rule 72(a). Judge Shaffer has issued no ruling on the order to show cause. Moreover, Mr. Powell is incorrect when he asserts, "Pursuant to 28 U.S.C. § 636, the Honorable Magistrate has exceeded a magistrate's jurisdiction and authority in issuing the order." (*Id.* at 2.) That statute authorizes magistrate judges to, at a minimum, certify the facts potentially constituting a civil contempt to this Court. *See* 28 U.S.C. § 636(e)(6). Moreover, magistrate judges have "general authority to order discovery sanctions." *Ocelot Oil*, 847 F.2d at 1462.

If Judge Shaffer's eventual order exceeds a magistrate judge's authority under § 636, Mr. Powell may raise that in an objection *to that order*. But Mr. Powell's challenge to the July 2 Order (*i.e.*, his challenge to the existence of contempt or

---

[2] Unfortunately, in the transcript of the July 2 proceedings (attended only by eClinicalWorks's counsel) and in the July 2 Order, Judge Shaffer repeats the language of the June 22 Order—which, as already noted, inaccurately reflects Judge Shaffer's oral ruling on June 22. (*See* ECF No. 53 at 1; ECF No. 68 at 3.)

sanction proceedings) must be overruled.

### III.  WARNING TO COUNSEL

The Rule 72(a) objections resolved in this Order are Mr. Powell's second and third objections filed in this case.  His first objection challenged a ruling Judge Shaffer never made, and therefore presented this Court with nothing to review.  (*See* ECF No. 66.)  As explained above, his second objection likewise challenges a ruling never made (a requirement to sign a protective order), and his third objection effectively attempts to challenge a ruling not yet made (contempt/sanctions).

Mr. Powell is warned that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Mr. Powell's conduct thus far has come dangerously close to unreasonable and vexatious multiplication of proceedings.

Mr. Powell has a legal right to file, on his client's behalf, any objection to an order from Judge Shaffer that actually falls within Rule 72(a).  But, to the extent Mr. Powell believes he must object to procedural matters or interim orders leading up to a reviewable order, he must reserve those objections and raise them in a challenge to the reviewable order itself.  Moreover, any subsequent challenges must address rulings Judge Shaffer has actually made.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Domain Vault's Rule 72(a) objection (ECF No. 56) is OVERRULED; and

2. Domain Vault's Rule 72(a) objection (ECF No. 62) is OVERRULED.

Dated this 28th day of July, 2015.

BY THE COURT:

_____

William J. Martinez
United States District Judge